NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONEL DAVID VAZQUEZ-SAAVEDRA, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-4382 <br><br> Agency No. <br> A055-283-483 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2026**
Pasadena, California

Before: COLLINS and BRESS, Circuit Judges, and DONATO, District Judge.***

Leonel David Vazquez-Saavedra, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals (BIA) dismissing his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

appeal of an order by an Immigration Judge (IJ) that ordered him removed to Mexico.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Our review is limited to the BIA's decision except where the IJ's opinion is expressly adopted." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citation omitted). "We review the Board's legal conclusions de novo, and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal citations omitted). We review de novo constitutional questions, including alleged due process violations. *Vilchez v. Holder*, 682 F.3d 1195, 1198–99 (9th Cir. 2012). We review the agency's denial of a request for a continuance for abuse of discretion. *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019).

1.      The BIA did not err in determining that the IJ adequately developed the record with respect to petitioner's fear of returning to Mexico. The IJ "start[ed] the questioning at a general level." *Hussain v. Rosen*, 985 F.3d 634, 643 (9th Cir. 2021). The IJ also "asked pertinent questions," and "did not deprive [petitioner] of a reasonable opportunity to develop his own story relevant to a claim for relief. *Zamorano v. Garland*, 2 F.4th 1213, 1226–27 (9th Cir. 2021).

---

[1] Petitioner's briefs spell his last name as "Vasquez Saavedra," but in the proceedings before the IJ and the BIA, his last name was spelled as "Vazquez-Saavedra." The discrepancy was not explained. This order will use the spelling used in the proceedings below.

2.     The BIA properly concluded that the IJ adequately advised petitioner regarding his apparent eligibility to apply for relief prior to ordering him removed. Petitioner testified that he was afraid to be removed to Mexico because of his demeanor and manner of speaking and because he did not know about the conditions in Mexico. When the IJ asked if he was "just afraid of general violence that you've heard . . . happens in Mexico, and since you've never been there, you're afraid of the unknown," petitioner agreed. Petitioner did not present any facts that might have demonstrated a reasonable possibility of a "'particularized threat' of torture." *Hussain*, 985 F.3d at 649 (quoting *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008)); *see also C.J.L.G. v. Barr*, 923 F.3d 622, 627 (9th Cir. 2019) (en banc) (recognizing the "'apparent eligibility' standard of 8 C.F.R. § 1240.11(a)(2) is triggered whenever the facts before the IJ raise a 'reasonable possibility that the petitioner may be eligible for relief'" (quoting *Moran-Enriquez v. INS*, 884 F.2d 420, 423 (9th Cir. 1989))). The IJ properly advised petitioner that "it does not look like there are any applications that are available to you, that would allow you to stay in the United States." *See C.J.L.G.*, 923 F.3d at 627 (observing that an IJ need not advise of availability of relief when the petitioner's eligibility for relief is "not 'plausible'") (citations omitted).

3.     The BIA did not err in upholding the IJ's denial of a further continuance to allow petitioner to find an attorney. "IJs must provide aliens with reasonable time

3

to locate counsel and permit counsel to prepare for the hearing," but "[n]o bright line guides our consideration of what constitutes reasonable time" and "[t]he inquiry is fact-specific and thus varies from case to case." *Biwot v. Gonzales*, 403 F.3d 1094, 1098–99 (9th Cir. 2005) (citation omitted). Although petitioner was in custody and repeatedly expressed the desire to retain an attorney, he has been in the United States since he was a young child and is fluent in English; he was provided with a list of free or low-cost legal service providers at the time of his first hearing; and he was given a month and a half to find a lawyer. He was also advised that he needed to be prepared to speak on his own behalf should his attempts to locate counsel prove unsuccessful. At the third and final hearing, petitioner did not affirmatively identify any particular barriers that were frustrating his efforts to locate counsel. Overall, there was not a "clear abuse" in the IJ's denial of another continuance. *Id.* at 1099. The BIA properly concluded that petitioner was granted a reasonable amount of time and provided with a fair opportunity to secure legal representation. *See Arrey*, 916 F.3d at 1158 (holding that there was no due process violation where the IJ provided the petitioner with reasonable time to locate counsel).

**PETITION DENIED.**[2]

---

[2] The government's motion to consolidate for decision the petition here and the petition filed in No. 26-724 (Dkt. No. 41) is denied. The stay of removal (Dkt. 18) is lifted.

25-4382